IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AM-RAIL CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16cv520 |
| | ) | |
| A&K RAILROAD MATERIALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, AM-Rail Construction, Inc. ("AM-Rail"), initiated this action in state court on or about April 11, 2016. On May 24, 2016, Defendant, A&K Railroad Materials, Inc. ("A&K"), removed the action to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (ECF No. 1.) Before the Court are Defendant's Motion to Transfer Venue, (ECF No. 9), filed on July 20, 2016, and Plaintiff's Motion to Remand to State Court for lack of subject matter jurisdiction, (ECF. No. 18), filed on August 15, 2016. For the reasons set forth below, the Court will deny Plaintiff's motion to remand this case to state court and will allow Defendant's motion to transfer venue to the United States District Court of Utah.

I.  **MOTION TO REMAND**

Plaintiff asserts in its Motion to Remand that, because the Court lacks subject matter jurisdiction, this matter must be remanded to state court. (ECF No. 17 at 5.) Subject matter jurisdiction relates to the Court's power to hear this case. *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500,

514 (2006)). Thus, the Court must address this issue before addressing other issues in the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The burden of establishing subject matter jurisdiction rests with the party seeking removal. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A defendant can remove a state court action to federal court if it is one over which the district courts of the United States have original jurisdiction. *Id.* § 1441(a). Defendant removed this case based on diversity of citizenship. (ECF No. 1 at ¶ 8.) Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the parties are completely diverse, meaning no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Johnson v. Am. Towers, LLC.,* 781 F.3d 693, 704 (4th Cir. 2015). It is undisputed that the parties in this case are citizens of different states.[1] The sole issue here is whether the amount in controversy has been satisfied. In determining the amount in controversy, courts generally look to whether the complaint on its face specifies an amount in damages. *Dash v. FirstPlus Home Loan Tr. 1996–2*, 248 F. Supp. 2d 489, 497 (M.D.N.C. 2003). The amount claimed in the complaint controls, unless it appears to a legal certainty, from the face of the complaint, that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

---

[1] AM-Rail is an Oklahoma corporation with a registered office in Kannapolis, North Carolina. (ECF No. 2 ¶ 1.) A&K is a California corporation with its principal place of business and corporate headquarters in Salt Lake City, Utah. (ECF No. 1 ¶ 3.)

2

Where, as alleged here, an action is based on diversity of citizenship and was not initially filed in federal court, the court may exercise jurisdiction only if the case is properly removed to federal court. *See* §§ 1441, 1446. A notice of removal is proper when the grounds for removal are "apparent within the four corners of the initial pleading or subsequent paper." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). *Subsequent paper*, or *other paper* as referenced in the removal statute, § 1446(b)(3), encompasses formal or informal communication, including written settlement and demand letters. *See Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996); *Rodgers v. Nw. Mut. Life. Ins. Co.*, 952 F. Supp. 325, 327–28 (W.D. Va. 1997) ("finding that the plaintiff's offer of settlement constitute[d] an 'other paper' within the meaning of § 1446(b)").

When removal is challenged based on the amount in controversy, Defendant, as the party invoking the Court's jurisdiction, bears the burden of proving that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."); *Talantis v. Paugh Surgical, Inc.*, 273 F. Supp. 2d 710, 712–13 (M.D.N.C. 2003) (explaining that "in removal cases it is the defendant's burden to prove that the case satisfies all of the jurisdictional requirements for removal"). Defendant must carry its burden by a preponderance of the evidence. *See Roche v. Lincoln Prop.,* 373 F.3d 610, 616 (4th Cir. 2004), *rev'd on other grounds*, 546 U.S. 81 (2005); *Lee v. Citimortgage, Inc.,* 739 F. Supp. 2d 940, 945 (E.D. Va. 2010). "Mere allegations in the notice of removal are insufficient." *Lee*, 739 F. Supp. 2d at 945 (quoting *LJT & Assocs., Inc. v. Koochagian*, No. WDQ–09–2405, 2009 WL 4884525, at *3 (D. Md. Dec. 10, 2009)). Also insufficient is the parties' subjective

3

assessment of the amount in controversy. *See Lovern*, 121 F.3d at 162. "Competent proof" is required, and such proof may include any evidence in the record. *Lee*, 739 F. Supp. at 945.

Because of the significant federalism concerns inherent in removal, the removal statute must be strictly construed. *Rizwan v. FCI Lender Servs. Inc.*, 176 F. Supp. 3d 513, 515 (D. Md. 2016); *see Barbour v. Int'l Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B). All doubts must be resolved in favor of granting the plaintiff's motion to remand. *Rizwan*, 176 F. Supp. 3d at 515.

Here, Plaintiff argues that "[i]n strictly construing Defendant's motion to remove, Defendant has not established [that] the jurisdictional amount has been satisfied by a preponderance of the evidence. Thus, this Court should remand the case to the Superior Court of Cabarrus County because federal jurisdiction is doubtful." (ECF No. 17 at 7.) This Court disagrees.

Defendant, in its Notice of Removal, relies principally upon Plaintiff's Complaint to support its contention that the amount in controversy exceeds the $75,000 threshold necessary to invoke this Court's subject matter jurisdiction. The notice provides, in pertinent part, the following:

> 4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. In the Complaint, Plaintiff seeks an award "in excess of twenty-five thousand dollars" in compensatory damages, as well as punitive damages or treble damages for Defendant's alleged fraud and alleged violation of the North Carolina Unfair and Deceptive Trade Practices Act . . . . *See* Compl. ¶¶ 58, 60.
>
> 5. While North Carolina law does not require a plaintiff to plead damages with specificity in the complaint, . . . Plaintiffs have demanded payment from A&K in the principal amount of $67,502.31. *See* Letter dated October 20, 2015 attached hereto as Exhibit D.

4

> 6. . . . Plaintiff's stated compensatory damages in excess of $25,000, when taken together with treble damages claimed under N.C. Gen. Stat. § 75-16.1, or claimed punitive damages . . . bring the amount in controversy above the $75,000 jurisdictional threshold.

(ECF No. 1 ¶¶ 4, 5, 6.)

Plaintiff first contends that Defendant has mischaracterized its Complaint and that the "damages amount in excess of $25,000" in its Prayer for Relief includes the treble and punitive damages sought. (ECF No. 17 at 7.) This contention contradicts the express language of Plaintiff's own Prayer for Relief which makes it clear that any treble or punitive damages are *in addition to and different from* the compensatory damages sought in the earlier paragraph. (ECF No. 2 ¶¶ 58, 60 (stating that Plaintiff seeks to "recover such other, further, and different relief . . . including punitive or treble damages).) Next, Plaintiff goes through a series of calculations in an effort to demonstrate that the compensatory damages to which it is entitled under the contract with Defendant is $22,364.85. (*See* ECF No. 17 at 8.) Thus, according to Plaintiff, trebling the actual amount of damages would fall short of the $75,000 threshold required to invoke this court's jurisdiction. (*Id.*) This argument fails, however, given that Plaintiff's Complaint does not limit its request for recovery to compensatory damages only. Plaintiff's Complaint specifically requests "costs, expenses, and fees as may be allowable *by law* including attorneys' fees" and "punitive or treble damages." (ECF No. 2 ¶¶ 59, 60 (emphasis added).)

Nor is Plaintiff's third argument persuasive. Plaintiff argues that Defendant's reliance on Plaintiff's Prayer for punitive or treble damages, combined with Plaintiff's request for compensatory damages to establish the $75,000 jurisdictional threshold, "is entirely speculative," (ECF No. 17 at 8–9). Under North Carolina law, treble damages are awarded

5

automatically when a violation of the North Carolina Unfair and Deceptive Trade Practices Act is established. N.C. Gen. Stat. § 75-16. Further, numerous courts have held that treble damages can be used to meet the amount in controversy threshold to support federal court jurisdiction. *See, e.g., Gordon v. Nat'l Bus. Consultants, Inc.*, No. 87-2676, 1988 WL 86618, at *1 (4th Cir. Aug. 19, 1988) (unpublished table decision); *Lunsford v. Cemex, Inc.*, 733 F. Supp. 2d 652, 657–658 (M.D.N.C. 2010). Simply trebling the compensatory damages sought on the face of Plaintiff's Complaint, under N.C. Gen. Stat § 75-16, satisfies the minimum jurisdictional amount necessary to support removal in this case.

Finally, Plaintiff argues that Federal Rule of Evidence 408 prohibits Defendant from using Plaintiff's settlement demand letter to show that Plaintiff's compensatory damages are "in excess of $25,000." (ECF No. 17 at 9.) This argument likewise fails. As argued by Defendant, a number of courts have rejected this argument and have held that settlement offers can be used to establish the amount in controversy for jurisdictional purposes where such amount is not ascertainable from the Complaint. (ECF No. 20 at 8); *see Wood v. Gen. Dynamics Advanced Info. Sys.*, No. 1:08CV624, 2009 WL 1687967, at *3 (M.D.N.C. June 17, 2009) ("rejecting the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy") (citing *Cohn v. Petsmart*, Inc., 281 F.3d 837, 840 n.3 (9th Cir. 2002). The Court need not address this argument further since, in this case, the amount in controversy is ascertainable from the face of the Complaint.

Defendant has established by a preponderance of the evidence that the amount in controversy in this case is in excess of $75,000 and thus satisfies the jurisdictional amount

6

Case 1:16-cv-00520-LCB-JEP   Document 21   Filed 01/31/17   Page 6 of 13

necessary for removal to this Court. The Court therefore concludes that it has subject matter jurisdiction over the action and that the case was properly removed to this Court.

## II. MOTION TO TRANSFER VENUE

The Court next considers A&K's Motion to Transfer Venue, (ECF No. 9). A&K moves to transfer this action to Utah pursuant to 28 U. S. C. § 1404(a) on the basis that the Agreement entered into by the parties "contains a choice of law provision and a forum selection clause that expressly state: '[t]his Agreement shall be governed by the laws of Utah. Any litigation concerning this Agreement shall be brought in the federal or state courts in Utah.'" (ECF No. 10 at 4–5) (alteration in original).) AM-Rail argues, however, that the forum-selection clause does not obligate the Court to transfer these proceedings to the District of Utah because: (1) the contract was induced by fraud on the part of the Defendant consequently, the forum-selection clause is unenforceable under Utah law, or (2) in the event the Court does not apply Utah law to determine the enforceability of the forum-selection clause, the Court should find that the clause is permissive, not mandatory, and thus refuse to transfer venue to Utah. (ECF No. 17 at 10–16.)

### A. Validity of Forum-Selection Clause

It is well settled that Federal courts determine the validity of a forum-selection clause according to federal law. *See Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) ("[A] federal court interpreting a forum selection clause must apply federal law in doing so."). The Fourth Circuit has recognized that "[a] general maxim in interpreting forum-selection clauses is that 'an agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion.'"

7

*IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007) (quoting *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F. 3d 51, 53 (2d Cir. 1994)). Thus, forum-selection clauses can be either mandatory or permissive. *Turfworthy, LLC v. Dr. Karl Wetekam & Co. KG*, 26 F. Supp. 3d 496, 505 (M.D.N.C. 2014). A mandatory forum-selection clause "provid[es] the designated forum with exclusive jurisdiction over any disputes," whereas a permissive forum-selection clause "provid[es] the designated forum with jurisdiction over the parties, but not necessarily exclusive jurisdiction." *Id.* (quoting *Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG*, 560 F. Supp. 2d 432, 436 (W.D.N.C. 2008)); *compare Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (holding that a forum-selection clause which stated that jurisdiction "shall be in the State of Colorado" was mandatory), *with IntraComm*, 492 F.3d at 290 (holding that a forum-selection clause which provided that "either party shall be free to pursue its rights . . . in a court of competent jurisdiction in Fairfax County, Virginia," was permissive). In this case, the forum-selection clause reads as follows: "[t]his Agreement shall be governed by the laws of Utah. Any litigation concerning this Agreement shall be brought in the federal or state courts in Utah." (ECF No. 11 at 8 ¶ 8.) There is little question that this clause is mandatory in nature. *See Turfworthy, LLC*, 26 F. Supp. 3d at 505–06; *Davis Media Grp., Inc. v. Best W. Int'l, Inc.*, 302 F. Supp. 2d 464, 468 (D. Md. 2004).

Mandatory forum-selection clauses are presumptively valid and "should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *accord Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996). To overcome the presumption of enforceability, there must be a clear showing that the forum-selection clause is unreasonable because: (1) its

formation was the product of fraud or overreaching; (2) "the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum;" (3) "the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy;" or (4) "enforcement would contravene a strong public policy of the forum state."[2] *Allen*, 94 F.3d at 928. The party opposing enforcement of the forum-selection clause bears the burden of showing that enforcement is unreasonable. *Carter's of New Bedford, Inc. v. Nike, Inc.*, 790 F.3d 289, 292 (1st Cir. 2015); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (finding that the party seeking to set aside the forum-selection clause failed to satisfy the "heavy burden of proof"); *M/S Bremen*, 407 U.S. at 17 (noting that the party arguing that the forum-selection clause is inapplicable "should bear a heavy burden of proof").

First, it appears that AM-Rail confuses a choice-of-law argument with the issue of forum selection which is currently before this Court. *See Multimin USA, Inc. v. Walco Int'l, Inc.*, No. CV F 06-0226 AWI SMS, 2006 WL 1046964, at *6 (E.D. Cal. Apr. 11, 2006) (explaining that "[t]he forum selection clause determines where the case will be heard" and "is separate and distinct from choice of law provisions"). Federal law, and not the state law of Utah as

---

[2] North Carolina has a strong public policy against forum-selection clauses. *See* N.C. Gen. Stat. § 22B-3 ("[A]ny provision in a contract entered into in North Carolina that requires the prosecution of any action . . . that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable."). However, North Carolina's policy against forum-selection clauses is just one factor in the Court's analysis, which is governed by federal, and not state, law. *See Turfworthy, LLC*, 26 F. Supp. 3d at 509. Further, "the applicability of the North Carolina statute is contingent upon the given contract's formation in North Carolina." *Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 242 (W.D.N.C. 2008). The Agreement in this case was not negotiated, drafted, or revised in North Carolina. (ECF No. 11 ¶ 12.)

argued by AM-Rail, governs here. Moreover, the forum-selection clause executed by AM-Rail and A&K contains clear language designating that "[a]ny litigation concerning this Agreement shall be brought in the federal or state courts in Utah," (ECF No. 11 at 8 ¶ 8). Because this clause is mandatory and therefore presumptively valid, AM-Rail has the burden of showing that it is unreasonable. *See Carter's of New Bedford, Inc.*, 790 F.3d at 292. AM-Rail argues that the contract was the product of fraud and thus contends, under Utah state law, that makes the forum-selection clause unenforceable. It does not, however, argue that the forum-selection clause itself was the product of fraud as required by federal law. Nor does it address the remaining factors to be considered. AM-Rail has failed to carry its burden. Accordingly, the Court finds that the forum-selection clause is valid and enforceable. The Court must next determine whether transfer is warranted.

### B. Whether Transfer is Warranted

Section 1404(a) is the appropriate vehicle to enforce a forum-selection clause. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented." 28 U.S.C. § 1404(a). Ordinarily, in deciding whether to transfer under § 1404(a), courts consider: (1) the weight to accord to plaintiff's forum choice; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice. *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008). However, where there is a valid forum-selection clause, as in this case, the analysis changes in three ways. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013). First, "the plaintiff's choice of forum merits no weight." *Id.* The plaintiff

now carries the burden of proving that transfer is not warranted. *Id.* Second, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 582. As such, the parties can no longer argue that the pre-selected forum is "inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Third, "transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.*

In evaluating transfer under § 1404(a) due to the presence of a forum-selection clause, courts can only consider the public interest factors, *id.*, which include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law," *id.* at 581 n.6 (alteration in original). The Supreme Court has stated that "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 575. According to the Court, "a forum-selection clause [should] be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). Rarely will the public interest factors "defeat a transfer motion." *Id.* at 582.

AM-Rail has failed to carry its burden of establishing that the public interest factors overwhelmingly disfavor transfer of this action pursuant to the forum-selection clause. *See id.* at 583 (explaining that the party acting in violation of the forum-selection clause "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer"). AM-Rail contends that Utah has no connection to the parties, or their contractual obligations. (*See* ECF No. 17 at 20.) However, AM-Rail's argument does not rise to the level of an extraordinary

11

circumstance that would bar transfer under the forum-selection clause. *See O'keeffe's Inc. v. Access Info. Techs. Inc.*, No. 15-cv-03115-EMC, 2015 WL 6089418, at *3 (N.D. Cal. Oct. 16, 2015) (enforcing forum-selection clause and transferring case after concluding, among other things, that the local interest factor generally will not "outweigh the controlling weight of the forum-selection clause"); *Brown v. Federated Capital Corp.*, 991 F. Supp. 2d 857, 863–64 (S.D. Tex. 2014) (enforcing forum-selection clause and transferring case after concluding, among other things, that plaintiff's argument that the pre-selected forum had no local interest in the case was not a circumstance that rose to the level of "most unusual" or "extraordinary"). Thus, Am-Rail has failed to carry its burden of establishing that transfer to the District Court in Utah is unwarranted based on the § 1404(a) factors.

### III. CONCLUSION

Because the Court determines that this case was properly removed to this Court and that this Court has subject matter jurisdiction, the Court will deny AM-Rail's Motion to Remand. Further, because AM-Rail and A&K specifically agreed to litigate their disputes in Utah per the forum-selection clause in the Agreement, the clause is valid and enforceable and transfer is warranted. The Court will therefore grant A&K's Motion to Transfer Venue.

For the reasons outlined herein, the Court enters the following:

### ORDER

IT IS ORDERED that Defendant's Motion to Transfer Venue (ECF No. 9) is GRANTED, and the Clerk of Court shall transfer this action to the United States District Court for the District of Utah.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (ECF No. 18) is DENIED.

This, the 31st day of January, 2017.

                                      /s/ Loretta C. Biggs
                                  United States District Judge